FILED

03/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0051

DA 15-0051

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 53N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DONNIE DORRELL NOLAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DC 13-901
                    Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Chad R. Vanisko, Assistant
            Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
            Assistant Attorney General, Helena, Montana

            Scott D. Twito, Yellowstone County Attorney, Ingrid Rosenquist, Deputy
            County Attorney, Billings, Montana

Submitted on Briefs:  February 8, 2017

Decided:  March 7, 2017

Filed:

                                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Donnie Nolan appeals from his conviction for failure to register as a violent offender, a felony. Violent offenders must register pursuant to §§ 46-23-503, -504(1), MCA (2011).[1] Then, "[i]f an offender required to register under this part has a change of . . . residence . . . the offender shall within 3 business days of the change appear in person and give notification of the change to the . . . [appropriate] registration agency." Section 46-23-505(1), MCA.

¶3 In 1996, Nolan was convicted of felony robbery in Atlanta, Georgia, and he was required to register as a violent offender while living in Montana pursuant to the Montana Sexual and Violent Offender Registration Act. In October 2011, following his release on parole in Montana on an unrelated offense, Nolan completed an information form that denoted he was required to register as a violent offender in compliance with Title 46, chapter 23, MCA. Nolan registered his address as 225 Jackson Street, Billings, Montana. Over the next two years, according to records maintained by the Yellowstone County

---

[1] Unless otherwise noted, all references to the Montana Code Annotated refer to the 2011 version.

2

Sheriff's Office (YCSO), Nolan updated that address to reflect a trip out of town, a move to another address, and his return to 225 Jackson Street.

¶4 On May 7, 2013, Nolan entered into a rental contract and began to occupy a residence at 706 Avenue C, Billings, Montana. Nolan did not register the 706 Avenue C address with the YCSO. As a result, he was charged with "knowingly fail[ing] to register as a sexual or violent offender, verify said registration, or keep said registration current" in violation of §§ 46-23-504 to 46-23-507, MCA. Nolan raised a constitutional objection in the District Court to § 46-23-504(4)(a), MCA, arguing that the language providing that the registration agency "may require" registration of additional residences is vague and, as such, unconstitutional. The District Court denied his motion, but conducted the trial, with the parties' consent, on the question of whether Nolan had abandoned his residence at 225 Jackson Street when moving to 706 Avenue C:

> THE COURT [to Nolan]: You're going to have all of your constitutional rights at trial. And the jury's going to basically, as near as I can tell, have about one question to answer: Did he move, or did he just pick up an additional residence?

¶5 At trial, the prosecution argued that Nolan abandoned his prior residence at 225 Jackson Street and moved to a new location, thus requiring that he update his registration in accordance with § 46-23-505(1), MCA. Nolan's defense was that he simply acquired an *additional* residence, while also maintaining the prior one, and, thus, was not required to register the second address based on the statutory language that the registering agency only "may require" registering the additional address, and he was not so requested by YCSO, a fact which the State did not contest.

3

¶6 During the settling of jury instructions, the District Court reiterated:

> The only way that you're convicted, Mr. Nolan, if I understand it, is if the jury believes that you moved from . . . Jackson to Avenue C without retaining a residence at . . . Jackson. If the – if the jury believes that you moved from one place, abandoned it, moved to another place, they're going to convict you.

The District Court gave instructions reflecting this understanding, and defense counsel argued to the jury:

> Absent an affirmative request, Donnie had no obligation to provide all addresses. Donnie cannot be found criminally responsible for failing to provide information that was never requested. The State has failed to prove beyond a reasonable doubt that Donnie abandoned his Jackson Street address.

After deliberations, the jury found Nolan guilty of one count of failure to register as a violent offender.

¶7 On appeal, Nolan argues the District Court erred in denying his motion to dismiss that challenged the constitutionality of § 46-23-504(4)(a), MCA. The State responds that Nolan waived this argument in the manner he tried the case, but that, in any event, the District Court avoided Nolan's constitutional objection by instructing the jury that if it found Nolan had two residences and had not abandoned his prior home, he was not guilty, but if it found that he had abandoned his prior residence, he was guilty of violating § 46-23-505(1), MCA, and not § 46-23-504(4)(a), MCA.

¶8 "The denial of a motion to dismiss in a criminal case presents a question of law, which this Court reviews de novo." *State v. Betterman*, 2015 MT 39, ¶ 11, 378 Mont. 182, 342 P.3d 971 (citation omitted).

4

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's interpretation and application of the law were correct.

¶10    Affirmed.[2]


                                                    /S/ JIM RICE


We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR

---

[2]  We commend the District Court, Hon. G. Todd Baugh presiding, for the long patience and courtesy it extended during the trial in this case. The transcript demonstrates that the Defendant was continually disruptive, including interrupting hearings with comments, singing, and cell phone conversations, but that the District Court was calm and deliberative throughout the proceeding.